**FILED**

3/1/2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        vyc         DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>ANDREW GERONIMO. SANCHEZ,<br><br>                    Defendant. | Case No.:  22MJ8154<br>COMPLAINT FOR VIOLATION OF:<br><br>18 U.S.C. § 922(g)(1) –<br>Felon in Possession of Firearms<br>(Felony)(Count 1 & 2)<br><br>21 U.S.C. § 841(a)(1) –<br>Possession of Methamphetamine with<br>Intent to Distribute (Felony)(Count 3) |

The undersigned complainant being duly sworn states:

**COUNT 1**

On or about February, 15 2022, within the Southern District of California, defendant ANDREW GERONIMO SANCHEZ, knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: a Smith & Wessonm, Model M&P 9 Shield, 9-milimmeter (mm) Pistol

bearing serial number JEM5161; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 2

On or about February, 15 2022, within the Southern District of California, defendant ANDREW GERONIMO SANCHEZ, knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: a Stevens, model 350, 12-gauge Shotgun, bearing serial number 101239H; in violation of Title 18, United States Code, Section 922 (g)(1).

## COUNT 3

On or about February, 15, 2022, within the Southern District of California, defendant ANDREW GERONIMO SANCHEZ, did knowingly and intentionally possess with intent to distribute 5 grams and more, to wit: approximately 13.8 grams of methamphetamine (actual), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The complainant further states that this complaint is based on the attached Probable Cause Statement, which is incorporated herein by reference.

FELIX OSORIO-RUIZ
Special Agent
Bureau Of Alcohol, Tobacco, Firearms & Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 on this 1st day of March, 2022.

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA

v.

ANDREW GERONIMO SANCHEZ.

## PROBABLE CAUSE STATEMENT

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all of the information known to myself or other federal agents and state and local officers regarding this investigation, but does contain at least those facts believed to be necessary to establish the requisite probable cause.

On or about February 15, 2022, at approximately 0200 hours, El Centro Police Department (ECPD) Officers were dispatched to 850 W. Adams, Ave, Unit #105, Classic Inn, in reference to a patrol check and suspicious activity. The reporting party stated there was an individual climbing in through a window on top of an A/C unit. ECPD Officers arrived on scene and determined the windows to Unit #105 and #106 were missing.

As ECPD Officers approached Unit #105, they were able to see two individuals inside the room. ECPD Officers announced themselves as El Centro Police. One individual was seen by Officers heading towards the back of the room. A few seconds later, an individual opened the door and stepped out of the room. Officers conducted a pat down on the individual for officer safety. Records check revealed the individual to be on Parole for Robbery.

A second individual, identified by Officers as ANDREW GERONIMO SANCHEZ, stepped out of the room. SANCHEZ was verbally confrontational with the Officers. Officers warned SANCHEZ to calm down; otherwise he would be placed in handcuffs. SANCHEZ responded by saying, "I'm going in handcuffs anyway." Records check revealed SANCHEZ was on Parole through 01/19/2024 for PC 245(a)(1), Assault with a Deadly Weapon, and was also a documented gang member of "Eastside El Centro, " a violent criminal street gang in El Centro, CA that has been involved in 4-5 shootings over

the last month. Officers observed "Trix" tattooed under SANCHEZ's left eye and a prison tower tattooed on his right cheek.

A third individual, a female, also stepped out of the room. Based on the Officers' training and experience, the individual appeared to be under the influence of drugs or alcohol based on her displaying pinpoint pupils and slurred speech.

ECPD Officers observed through the window what appeared in plain sight to be a silver handgun on top of the dresser inside the room. Officers asked SANCHEZ if there was anyone else in the room. SANCHEZ stated there was no one else inside and further stated that everything in the room was his, except the women's clothing. Officers asked if the firearm on top of the dresser was his, which SANCHEZ responded the firearm was just a BB Gun and told Officer's to check. Officers advised SANCHEZ if the firearm on top of the dresser was real, he knew what the repercussions would be. SANCHEZ responded with, "I'm going to jail."

ECPD Officers entered the room and located a shotgun in the Northeast corner of the room. The shotgun was leaning against the refrigerator and freezer. Officers noticed the shotgun was loaded with one (1) red Federal 12-gauge shotgun shell in the chamber. If the action were to be pushed forward, the shotgun would be ready to fire. Officers identified the shotgun as a Stevens, model 350, 12-gauge shotgun bearing serial number 101239H. Records check showed that the firearm was not registered in the California Automated System (AFS). Officers also located a black drawstring bag on top the freezer with three (3) additional shotgun shells inside.

In close proximity to the shotgun, Officers observed a bag that contained approximately 13.8 grams of a white crystalline substance. An Officer on scene was trained in the Drug Recognition Expert (DRE) school and determined the bag to be methamphetamine. Based on the Officers' training and experience, this was well above the amount for personal use and consistent instead of distribution quantities. One dose of methamphetamine consists of approximately 0.2 grams; 13.8 grams would equal to approximately 69 doses of methamphetamine.

4

Officers were able to confirm the silver handgun on top of the dresser as an airsoft style weapon. A second airsoft style weapon was found by Officers in a basket full of clothes. Additionally, Officers located one (1) empty Smith & Wesson magazine in the bathroom.

Post-Miranda, Officers conducted a pat down and found one (1) glass pipe in SANCHEZ's front left pocket. Officers asked SANCHEZ if everything as far as backpacks or clothing belong to him. SANCHEZ responded, "her clothes are her clothes." SANCHEZ told Officers his moniker is "Baby Trix" and admitted to being an Eastside El Centro gang member since he was 14 years old.

Officers asked SANCHEZ if the shotgun was stolen. SANCHEZ responded "Probably." Officers asked SANCHEZ if all the drugs in the room belonged to him. SANCHEZ stated, "Yeah. I was using earlier."

Officers returned to conduct a second sweep of the room. Officers located a loaded Smith & Wesson, Model M&P 9 Shield, 9mm Pistol bearing serial number JEM5161, with one (1) 9mm round in the chamber. The magazine contained an additional four (4) rounds of 9mm ammunition. The firearm was recovered from the top of the bed, underneath a pillow, near bags and clothes belonging to SANCHEZ. Records checks revealed the firearm was reported stolen from the State of Washington.

Officers located an additional two (2) small baggies that contained approximately two (2) grams of a white crystalline substance, suspected to be methamphetamine based on their training and experience. Officers also located a small baggie that contained two (2) blue pills behind the dresser that they believe to be Fentanyl pills.

Officers observed a red bowl labeled, "My Contraband Box," adjacent to where the shotgun was located. A glass pipe with a bulbous end and burn marks at the end of the pipe was also found. Based on the Officers' training and experience, the burn marks on the end of the pipe are an indication of smoking methamphetamine.

Officers also located a scale and one (1) plastic baggie with crushed up blue pills. Based on the Officer's training and experience, a scale is used to measure out narcotics prior to packing in cellophane wrappers for sale.

Preliminary records checks revealed the following criminal history for SANCHEZ, through further database queries may uncover additional criminal history:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 12/17/2015 | CASC- Imperial | Concurrent with JCF35815; Carry concealed Dirk or Dagger (21310 PC); Felony. | 3 Years Probation; IMP SEN SS 01 Years Jail. |
| 12/26/2015 | CASC- Imperial | Concurrent with JCF35782; Take Veh W/O Own Consent/Veh Theft; Felony. | 3 Years Probation; IMP SEN SS 001 Years Jail. |
| 10/05/2020 | CASC- Imperial | 3455(A) PC, Post Release Community Supervision Violation; Felony. | 16 Days Jail. |
| 11/22/2020 | CASC- Imperial | Assault w/ Deadly Weapon: Not F/Arm 245(A)(1) PC; Felony. | 3 Years Prison. |

The firearms were inspected, and preliminary checks revealed that the firearms were not manufactured in California. Therefore, the firearms traveled in, and/or affected interstate commerce to arrive in the state of California.